# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

DAVID L. ERICKSON,

    Plaintiff,

v.

SERGEANT ANTONIO LOPEZ,

    Defendant.

CASE NO. 11-5982 RJB - JRC

ORDER ON REPORT AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation of U.S. Magistrate Judge J. Richard Creatura. Dkt. 28. The Court has considered the Report and Recommendation, objections, and the remaining record.

On November 29, 2011, Mr. Erickson filed, pro se, this civil rights case pursuant to 42 U.S.C. § 1983 asserting that Sergeant Antonio Lopez violated his Eighth Amendment rights for failing to protect him from another inmate while he was in the custody of the Washington State Department of Corrections. Dkt. 17. Plaintiff further alleges that his First Amendment rights were violated. *Id.* Sergeant Lopez moved for summary judgment, and on April 27, 2012, a Report and Recommendation was filed, recommending summary dismissal of the action because

Plaintiff failed to carry his burden pursuant to Fed. R. Civ. P. 56. For the reasons below, the Report and Recommendation should be adopted and the case dismissed.

## I.     FACTS AND PROCEDURAL HISTORY

The background facts are in the Report and Recommendation (Dkt. 28, at 1-3) and are adopted here by reference.

Mr. Erickson filed objections, arguing that pro se inmates do not have to comply with the requirements under Fed. R. Civ. P. 56 and that the summary judgment motion was filed before any discovery could be done. Dkt. 29. As to his Eighth Amendment claim, he argues that he provided evidence of a "severe conflict" between him and the offender that he had a fight with in a grievance dated August 14, 2012, (the date of the altercation) and that Sergeant Lopez had already tried putting him in a cell with another inmate that was dangerous. Dkt. 29. Mr. Erickson further argues that his First Amendment claim should not be dismissed because "justifiable inferences" should be drawn – that by placing Mr. Erickson a Muslim with another offender who was Wiccan, Sergeant Lopez would be placing a burden on Mr. Erickson's religious practices. Dkt. 29. Each of these objections will be considered in turn.

## II.     DISCUSSION

### A. PRO SE LITIGANTS AND MOTIONS FOR SUMMARY JUDGMENT

Mr. Erickson's argument that as a pro se prisoner that does not have to make a showing that there is evidence in dispute in order to defeat a motion for summary judgment should be rejected. Mr. Erickson cites cases that address the "fair notice" rule, a rule that the Ninth Circuit adopts in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998). Plaintiff was given the information required under *Rand*, in this Court's December 5, 2011, Order Directing Service. Dkt. 6. This objection does not provide a basis to fail to adopt the Report and Recommendation.

## B. TIME FOR DISCOVERY

Plaintiff argues that the motion was filed before he had a chance to do discovery. Dkt. 29. This objection is without merit. This case was filed over six months ago, on November 29, 2011, (Dkt. 1) and the Defendants appeared in early January 2012 (Dkt. 10). Further, to the extent that he makes a motion pursuant to Fed. R. Civ. P. 56(d), his motion should be denied.

Fed. R. Civ. P. 56(d) provides that a court may defer a motion for summary judgment or deny it, or make other appropriate orders when a "nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Under this rule, "[t]he requesting party must show: (1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." *Family Home and Finance Center, Inc. v. Federal Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008) (*citing Cal. on behalf of Cal. Dep't of Toxic Substances Control v. Campbell*, 138 F.3d 772, 779 (9th Cir.1998)). A "[f]ailure to comply with these requirements "is a proper ground for denying discovery and proceeding to summary judgment." *Id*.

Plaintiff has "not set forth in affidavit form the specific facts it hopes to elicit from further discovery," that "the facts sought exist," or that "the sought-after facts are essential to oppose summary judgment." *Family Home,* at 827. To the extent that he makes a motion pursuant to Fed. R. Civ. P. 56(d) for more time to respond to the motion for summary judgment so that he can conduct discovery, his motion should be denied.

## C. EIGHTH AMENDMENT CLAIM

The Eighth Amendment to the United States Constitution prohibits the use of "cruel and unusual punishment." The Eighth Amendment's prohibition of cruel and unusual punishment

also imposes duties on prison officials, "who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan,* 511 U.S. 825, 833 (1994)(*internal citations omitted*). "To violate the Cruel and Unusual Punishments Clause, a prison official must have a 'sufficiently culpable state of mind.' In prison-conditions cases that state of mind is one of 'deliberate indifference' to inmate health or safety. *Id.,* at 834 (*internal citations omitted*). A prison official therefore cannot be found liable under the Eighth Amendment "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.,* at 837.

Plaintiff argues in his Objections that he did offer evidence that Sergeant Lopez had the required state of mind for his Eighth Amendment claim. Dkt. 29. He argues that he provided evidence of a "severe conflict" between him and the offender that he had a fight with in a grievance dated August 14, 2012, (the date of the altercation) and that Sergeant Lopez had already tried putting him in a cell with another inmate that was dangerous. Dkt. 29.

As stated in the Report and Recommendation, Mr. Erickson's proffered evidence, including the grievance, is insufficient to show that Sergeant Lopez had the requisite state of mind – that he actually drew the inference that a substantial risk of serious harm to Mr. Erickson existed. The Report and Recommendation should be adopted and the claim dismissed.

**D. FIRST AMENDMENT CLAIM**

Mr. Erickson further argues in his objections that his First Amendment claim should not be dismissed because "justifiable inferences" from the situation should be drawn. Dkt. 29. He

argues that by placing himself, a Muslim, with another offender who was Wiccan, Sergeant Lopez would be placing a burden on Mr. Erickson's religious practices. Dkt. 29. Mr. Erickson offers no authority for his theory. Nor does it follow that placing inmates of differing religious necessarily burdens one of the other's religious practices. As stated in the Report and Recommendation, he has failed to show Sergeant Lopez "substantially burdened the practice of his religion" and the claim should be dismissed.

### III. ORDER

It is **ORDERED** that:

1) The Report and Recommendation (Dkt. 28) is **ADOPTED**;

2) The Motion for Summary Judgment is **GRANTED**;

3) This Case is **DISMISSED WITH PREJUDICE**; and

4) The Clerk is directed to send a copy of this Order to all counsel of record, to any party appearing *pro se* at said party's last known address, and to the Hon. J. Richard Creatura.

Dated this 1st day of June, 2012.

ROBERT J. BRYAN
United States District Judge